UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                            Case No. 1:03:CR:203-5

PHILLIPE MINGO,                        HON. GORDON J. QUIST

       Defendant.
_____/

## MEMORANDUM RE: MODIFICATION OF SENTENCE

The government has filed its Second Motion pursuant to Fed. R. Crim. P. 35(b) to reduce the sentence of Defendant, Phillipe Mingo, for rendering substantial assistance in the prosecution of others. This court will grant the motion, and will consider the factors under 18 U.S.C. § 3553(a) in determining the amount of reduction to grant Defendant. *United States v. Grant*, 567 F.3d 776, 787 (6th Cir.), *vacated upon grant of reh'g en banc* (6th Cir. Oct. 16, 2009); *but see*, *United States v. Shelby*, 584 F.3d 743, 748 (7th Cir. 2009) (finding *Grant* contrary to the Seventh, Ninth, and Eleventh Circuit's views that a district judge can consider the sentencing factors under § 3553(a) in decreasing the reduction sought under a Rule 35(b) motion but cannot effectively resentence a defendant *de novo* by using the § 3553(a) factors to increase the reduction). The court would end up in the same place whether or not it considered the 3553(a) factors.

Defendant had pled guilty to one count of conspiring to possess with intent to distribute 5 kilograms of more of cocaine, 50 grams or more of cocaine base, and an unspecified quantity of marijuana in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and (b)(1)(D).

Defendant had a Criminal History category of VI with an Offense Level of 35. He was also a career offender, but his Offense Level for drug dealing was one level higher than the Offense Level for being a career offender. The Defendant's Criminal History Category, however, was one category higher because of the career offender status. On July 7, 2005, Defendant was sentenced within the advisory Guideline range to 292 months incarceration plus five years of supervised release.

On April 3, 2008, the court granted a government motion under Rule 35(b) and reduced Defendant's sentence by three Offense Levels to 235 months. On July 27, 2010, the government filed a second motion under Rule 35(b), requesting a further reduction of two Offense Levels in Defendant's sentence. This would put Defendant in Criminal History Category VI, with an Offense Level of 30, with an advisory Guideline range of 168 to 210 months. The government recommends a sentence of 205 to 210 months. Defendant seeks a sentence of 120 months, the mandatory minimum.

In addition, the Sentencing Guidelines have been amended to reduce the so-called crack-powder cocaine disparity, and Defendant has moved for a reduction pursuant to this amendment. 18 U.S.C. § 3582(c)(2). This court's pre-sentence office has informed the court and the parties that Defendant is ineligible for a reduction pursuant to this amendment because he was responsible for more than 150 kilograms of powder cocaine. Defendant, acting through his court appointed lawyer, does not contest this finding

This court recognizes that the Sentencing Guidelines are advisory and when sentencing a person, it can rely upon any information that it deems reliable and relevant to what sentence should be imposed. The question is what sentence is sufficient but not more than necessary to achieve the purposes o f 18 U.S.C. § 3553(a). This is an art, not a science. If it were a science, we could have exact, rigid, mathematical rules for sentencing.

Defendant argues that the offense of conviction is not *malum in se.* According to Defendant, he simply committed these crimes to support himself and his family. This is not the time or place to argue about whether cocaine trafficking should be legalized. That is for Congress and the President, if they deem to do so. But this court can address whether the offense is really so bad under the current law.

In looking at the nature of the offense and the character of the Defendant in the light of today's reality, the court notes that this was a serious drug trafficking offense involving five kilograms or more of cocaine. This defendant was the main source of supply for an extensive conspiracy, (PSR ¶ 206), and the conspiracy involved a significant number of people. The house in which Defendant resided had three loaded firearms in it and in close proximity to marijuana, crack cocaine, powder cocaine, and heroin. A so-called gun enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was not imposed because the firearms did not seem to be relevant conduct to the particular offense to which Defendant pled guilty. Nonetheless, drug dealing is a danger to the community and to individuals, including the dealers themselves. This court has often said in these types of cases that guns and violence are the wheels that keep dealing going. This is the time to recognize the facts as they are now. In addition to creating violence, getting people hooked on these drugs ruins the lives of those who become addicted or become regular users - disrupting educations, creating family conflicts, creating inability to obtain regular employment, and leading to other crimes. This court cannot remember the number of times when defense counsel during allocution for a convicted client argues, "Your honor, he isn't so bad. He only did it because he is an addict." Drug dealers create addicts and use addicts to commit other crimes. So, the offense is very serious, whether or not the particular defendant created addiction or simply fed addiction.

As to the character of Defendant, he was in criminal history category VI, the highest under the Guidelines because he is a career offender under U.S.S.G. § 4B1.1. At the age of 17, Defendant was convicted and sentenced for conspiracy to commit felonious assault. (PSR ¶ 312.) At the age of 21, he was convicted of carrying a concealed weapon and sentenced to prison. At the age of 26, he was convicted of fleeing and eluding a police officer and use of cocaine. The so-called "recency points" raised Defendant's criminal history category to V, and the career offender status raised it to VI. If Defendant is removed from the career offender status and if the two recency points are removed, as they have been since November 1, 2010, Defendant would be in Criminal History Category IV.

Defendant argues that he is not likely to re-offend and is on the right side of the law. He cites his cooperation with the government in the prosecution of others and also some letters of reference. He has participated in education courses, completed drug education and non-residential drug treatment courses. He is said to be dedicated to following the law when he is released. While some of Defendant's acts are laudable, they are not of such a character as to give this court confidence that he does not pose a risk to the community. At a certain point in time, experience has to triumph over hope and promises, and in this case this court sees nothing that creates much confidence that Defendant will be a law abiding citizen upon his release. Defendant's cooperation with the government does not necessarily show a change of heart regarding criminal activity. More likely, the cooperation is to obtain the sentencing reductions under Rule 35(b). It is not unusual for a defendant to receive a reduction under U.S.S.G. § 5k1.1 or Fed. R. Crim. P. 35(b) and then commit further criminal acts even when on supervised release.

Regarding deterrence as a purpose of sentencing, this court does not think that sentencing one drug dealer does much to deter another drug dealer or drug dealer wannabe. It does, however, deter the person who is sentenced. A lengthy sentence would, then, obviously, also protect the public from further crimes of this Defendant.

Defendant does not argue that any sentence imposed will create an unwarranted disparity between him and other defendants with similar records who have been found guilty of similar conduct. The court, however, recognizes that unwarranted disparities can cause doubt and distrust regarding sentencings throughout the United States. The court recognizes that the Sentencing Guidelines were adopted, primarily, to avoid such disparities.[1]

Based upon this analysis, the court concludes as follows:

1. Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) will be **denied**.

2. The government's motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35(b) will be **granted**. The Offense Level will be reduced by two additional points, which a total reduction of 5 points in the Offense Level. This results in a total Offense Level of 30. The court will also take into account the fact that "recency points" no longer are added to the Criminal History Category calculation, but also take into account, in part,

---

[1] While recognizing the holding in *United States v. Young*, 580 F.3d 373 (6th Cir. 2009), that Defendant's conviction under Michigan law for fourth degree fleeing-and-eluding is categorically a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), Defendant seems to be arguing that this conviction, (PSR ¶ 314), is not a "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2. This conviction made Defendant a career offender. This issue was never raised in any appeal, and Defendant does not ask this court to redo the Sentencing Guideline calculation because of this argument. Defendant now wants to preserve the issue of career criminal status for appeal, but the legal basis for doing so at this juncture is unclear.

Defendant's career offender status and the nature of the offenses that created that status. This court recognizes that it can sentence this Defendant higher or lower than any Guideline range so long as the sentence was at least the mandatory minimum. In this court's judgment, for the reasons given, this court concludes that a sentence of **192** months incarceration is sufficient but not more than necessary to achieve the purposes of 18 U.S.C. § 3553(a). The court notes that this is a total reduction of 100 months from Defendant's original sentence.

A separate Order Modifying Sentence will be issued.


Dated: December 13, 2010         /s/ Gordon J. Quist
                            GORDON J. QUIST
                            UNITED STATES DISTRICT JUDGE